[No. 20097. Department One. January 31, 1927.]

J. A WILKER, *Appellant*, v. J. VINCENT *et al.,*
*Respondents.*[1]

[1] HIGHWAYS (53)—NEGLIGENT USE—AUTOMOBILES—MEETING AND
CROSSING—CONTRIBUTORY NEGLIGENCE. A finding of contributory
negligence, barring recovery for damages sustained in a head
on collision at intersecting highways, is not sustained where
plaintiff made the turn on the right hand side of the road
without knowing that defendant, approaching on the inter-
secting road, was on the left hand side of the road, and the
charge of plaintiff's excessive speed depended upon the testi-
mony of one who did not see his car approach the corner.

[2] APPEAL (151)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FIND-
INGS—TIME FOR FILING. Where findings were filed on two dif-
ferent occasions, they were not complete until the last finding
and the time for filing exceptions runs from the last date.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered September 2, 1925,
upon findings in favor of the defendants in an action
for damages sustained in an automobile collision, tried
to the court. Reversed.

*McGregor & Fristoe,* for appellant.

*Bushnell & Beardsley,* for respondents.

MAIN, J.—By this action, the plaintiff sought to re-
cover damages to an automobile owned by him when it
collided with a truck owned by the defendants. The
answer contained admissions and denials, and a cross-
complaint by which the defendants sought damage to
the truck. The cause was tried to the court without a
jury and resulted in findings of fact, conclusions of law
and a judgment denying recovery to either party, from
which the plaintiff appeals.

On December 23, 1924, the plaintiff was proceeding
south on a highway in Benton county, driving a 1920

[1]Reported in 252 Pac. 925.

four cylinder Overland automobile. The respondent John Vincent, who will be referred to as though he were the only party on that side of the controversy, was proceeding east on a highway that intersected with that upon which the plaintiff was traveling. Where these two highways meet, there was a square or right-angle turn. The traveled portion of the highway around the corner made an abrupt curve. It was a cold day and the road was icy and consequently slippery. There had previously been snow, but this had been worn off of the traveled portion of the highway. To the right of the appellant and the left of the respondent, as they approached the turn, was an alfalfa field. The appellant saw the approaching truck. The respondent did not see the approaching automobile, until just before the cars came together as the automobile rounded the turn. Over the cab of the truck there was a canvas, which hung down on the sides and obstructed the driver's vision to either the right or the left. The canvas in front extended down from the top six or eight inches. In the seat with the driver of the truck were three high school girls, who testified that they did not see the automobile until just as it came around the turn and was very close to them. The truck was on its left-hand side of the road as it approached the turn. The automobile made the turn and continued on its right-hand side of the road, where the law says that it should be.

[1] That the driver of the truck was negligent, there can be no question. The question here for determination is whether the appellant was guilty of negligence which contributed to the accident. The trial court found that he approached the curve at a higher rate of speed than a prudent and careful driver would have done. We find no evidence to sustain this finding.

It is true, the respondent testified that the automobile approached the turn at a speed of forty or forty-five miles per hour. The trial court found, and the fact is, that he did not see the automobile until it was making the turn just in front of the truck, which was on the wrong side of the road. There is some argument that it was the duty of the appellant to leave the road and drive his automobile on the alfalfa to the right, but, when he became aware that the truck was on the wrong side of the road, there was no opportunity for him to avoid the collision. While the appellant saw the approaching truck before reaching the corner, he did not know until he made the turn, or was making the turn, that it was on its left-hand side of the turn. The indisputable fact is that, at whatever speed the automobile approached the turn, it continued on its right-hand side of the road and where the law says it should be. We find no evidence in the record which would justify a holding that the appellant was negligent in any manner which contributed to the injury. Indeed, immediately after the accident, the respondent stated to a disinterested witness, the sheriff of the county who happened to approach the scene, that the accident was due to his fault.

[2] It is said, however, that the exceptions to the findings were not sufficient and that, therefore, the testimony cannot be reviewed. The court entered its findings on two different occasions. The exceptions were taken within the required time after the filing of the last findings. The findings were not complete until they had all been made and, prior to that time, the appellant was not required to file exceptions thereto. However, if the case stood upon the findings it would not change the result as it appears therefrom that the appellant was on the side of the road where the law

said he should be at the time of the head-on collision, and the respondent was on the side of the road where the law says that he should not be. There is no finding that, after the appellant became aware that the respondent was on the wrong side of the road, he had an opportunity to turn to the right onto the alfalfa and thus avoid the collision.

The trial court found that the appellant's automobile was damaged in the sum of $329.79. The judgment will be reversed, and the cause remanded with direction to enter a judgment in favor of the appellant for this sum.

TOLMAN, MITCHELL, and FULLERTON, JJ., concur.